**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GRABER MANUFACTURING COMPANY, Inc., Respondent.**

**No. 16034.**

United States Court of Appeals Seventh Circuit.

Sept. 25, 1967.

Marcel-Mallet-Prevost, Asst. General Counsel, Corinna Lothar Metcalf, Attorney, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Glen M. Bendixsen, Attorney, N.L.R.B., for petitioner.

Walter S. Davis, Russ R. Mueller, Milwaukee, Wis., Davis, Kuelthau, Vergeront & Stover, Milwaukee, Wis., for respondent.

Before CASTLE, SWYGERT, and CUMMINGS, Circuit Judges.

PER CURIAM:

The National Labor Relations Board has petitioned this court to enforce its order issued against respondent, Graber Manufacturing Company, Inc. The order directs the company to cease and desist from interfering with, restraining and coercing its employees in the exercise of their section 7 rights in violation of section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1). In addition, the order affirmatively requires that the company offer to employees Grell and Quale full reinstatement and make each of them whole for any loss that might have been suffered due to their discriminatory discharges in violation of section 8(a) (3) and (1) of the Act. The Board's order is reported at 158 N.L.R.B. No. 37 (1966).

The Board adopted the findings, conclusions, and recommendations of the Trial Examiner. The examiner found that two letters mailed by the president of Graber to its employees during the week preceding a representation election and a speech made by him to the employees two days before the election "contained veiled threats" that the employees would suffer adverse economic consequences if they

voted in favor of the union, as well as that the employees would suffer a loss of their statutorily protected right to present their own grievances to the management. The examiner also found that the discharges of Grell and Quale, two of the employees most active in the union organizational drive, was motivated by a desire to rid the plant of active union adherents.

The only question presented on this appeal is whether the examiner's findings, as adopted by the Board, are supported by substantial evidence on the record considered as a whole. We hold that they are.

The petition of the Board for enforcement of its order is granted.